41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William B. CHAPMAN, Petitioner-Appellant,
v.
Gordon A. ABRAHAMSON, Respondent-Appellee.
 No. 93-2851.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1994.*
Decided Nov. 15, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied Jan. 5, 1995.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William B. Chapman appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254, on the grounds that his constitutional right to present a defense was violated.[1] Mr. Chapman claims that his Sixth and Fourteenth Amendment rights were violated by the trial court's exclusion of opinion testimony from his former air force commander, Colonel Copotoski, that he was not the type of person to commit the charged crimes and testimony that Mr. Chapman's ex-wife had been reported for child abuse two and one half years before the charged crime.[2] We believe that Chapman's trial was fundamentally fair and that his constitutional rights were not violated by the trial court's rulings.
 
 ANALYSIS
 
 2
 A federal court exercising habeas corpus jurisdiction under 28 U.S.C. Sec. 2254 may only grant relief to a petitioner in state custody if his custody violates federal statutory or constitutional law. Escobar v. O'Leary, 943 F.2d 711, 720 (7th Cir.1991). An evidentiary ruling in a state court case will ordinarily not rise to the level of a constitutional violation since the evidentiary question itself is a matter of state law which rarely serves as a basis for granting a writ of habeas corpus. Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990). "Unless the petitioner demonstrates that 'a specific constitutional right has been violated, a federal court can issue a writ of habeas corpus only when a state evidentiary ruling violates the defendant's due process rights by denying him a fundamentally fair hearing.' " Id . (quoting Lee v. Flannigan, 884 F.2d 945, 953 (7th Cir.1989), cert. denied, 497 U.S. 1027 (1990)). The petitioner bears the burden of persuasion that the admission or exclusion of evidence rendered the trial fundamentally unfair. United States ex rel. Shaw v. De Robertis, 755 F.2d 1279, 1281 n. 1 (7th Cir.1985).
 
 
 3
 Upon review of the proffered testimony of Colonel Copotoski,[3] we do not find the trial court's exclusion of Colonel Copotoski's testimony violated Chapman's constitutional rights. While Chapman has the right to introduce opinion testimony as to a relevant character trait, Chapman has failed to establish that Colonel Copotoski was qualified to offer any such testimony. Colonel Copotoski had minimal contact with Chapman as his supervisor while he was stationed at Loring Air Force base and had no contact with Chapman in his family environment or knowledge of Chapman's behavior with respect to his family.
 
 
 4
 Nor do we find that the trial court's exclusion of notes of Duska Day, a social worker in Maine who worked with Chapman's ex-wife, Lydia Chapman, two and one half years prior to the crime charged, violated Chapman's constitutional rights. Ms. Day's notes reported an incident of excessive spanking and another incident of possible physical abuse by Lydia Chapman two and one half years prior to the crime charged.[4] Ms. Day's notes related to incidents remote in time, place, and circumstance from the crime charged and the Maine Department of Human Services, after conducting a full investigation based upon the reported incidents, found the allegations of child abuse unsubstantiated.
 
 
 5
 We also note that Ms. Day's notes recording abusive conduct on the part of Lydia Chapman have limited probative value, if any, as to whether Chapman abused and neglected his children and the exclusion of these notes did not violate Chapman's constitutional rights. A trial court's exclusion of evidence results in a constitutional violation only where the excluded evidence is relevant, material, and vital to the defendant such that the exclusion of the evidence could have affected the outcome of the trial. United States v. Valenzuela-Bernal, 458 U.S. 858, 867-868 (1982); Sharlow v. Israel, 767 F.2d 373, 373-378 (7th Cir.1985), cert denied, 475 U.S. 1022 (1986). The exclusion of statements by a third party admitting culpability for the crime is not vital to a defendant when he is also charged under Wisconsin's party to a crime statute, Sec. 939.05.[5] Sharlow, 767 F.2d at 378 (Co-defendant's hearsay statements that he, rather than the defendant, shot the murder victim were not vital to the defendant's defense since the statements did not exculpate the defendant who could have been convicted under Wisconsin's party to a crime statute, Sec. 939.05, regardless of whether he or his co-defendant shot the victim). Since Chapman was charged under Wisconsin's party to a crime statute, Sec. 939.05, with respect to all counts of the indictment and convicted upon the basis of physical evidence, expert medical testimony, and testimony of Chapman's young daughter, Ms. Day's testimony was not vital. In addition, Chapman was able to testify at length about his ex-wife's abusive conduct toward their son and hence was not completely barred from bringing this defense.
 
 
 6
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Following a jury trial in June 1991, Mr. Chapman was convicted of first degree reckless homicide of his five year old son, physical abuse of a child, two counts of causing mental harm to a child, and being a party to the commission of all of the above mentioned crimes. He was sentenced to twenty, fifteen, ten, and ten years respectively for a total sentence of fifty five years to be served consecutively. State v. Chapman, No. 90-CF-413 (Wis.Cir.Ct. June 28, 1991). The Appellate Court affirmed the conviction in an unpublished order. State v. Chapman, No. 92-0761-CR (Wis.Ct.App. October 27, 1992). The Wisconsin Supreme Court denied a petition to review the Court of Appeals decision
 
 
 [2]
 Chapman asserts in his brief that counsel should have been appointed in the district court and on appeal. The district court denied Chapman's motion for counsel on March 11, 1993. (R.11). We denied Chapman's motion for counsel on appeal on January 27, 1994. Upon further review of the record and Chapman's pleadings and briefs, we do not believe that it is necessary to request counsel to assist Chapman. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993), cert. denied, 114 S.Ct. 1970 (1994)
 
 
 [3]
 According to defense counsel's summary of the testimony, Colonel Copotoski would testify that Chapman was a good employee and caused no problems, that his personal contact with Chapman revolved around Chapman seeking an honorable discharge in order to return to his family, and that, in his opinion, Chapman was not the type of character "that could do something like this." (3/13-18/91 Trial Transcript, Volume III, at 666-668)
 
 
 [4]
 Ms. Day's notes report two incidents involving Lydia Chapman's use of excessive force with her son Bryan. On May 4, 1988, while Ms. Day was sitting downstairs, Lydia Chapman spanked Bryan up to forty times while trying to get him to go to bed. On May 25, 1988, Lydia Chapman twice jerked Bryan's right arm and spanked him while trying to put on his coat to go outside. (Copy of Duska Day's Progress Notes 5/04/88-5/25/88, Exhibit Volume I, E.D.Wis., No. 92-C-1382)
 
 
 [5]
 Section 939.05 provides that a person may be a party to a crime if he directly commits the crime, aids, or abets in the commission of it, or is a party to a conspiracy with another to commit the crime. Wis.Stat.Ann. Sec. 939.05 (West 1993). Chapman was convicted of violating Section 939.05 in regard to each count of reckless homicide, physical abuse of a child, and causing mental harm to a child. State v. Chapman, No. 90-CF-413 (Wis.Cir.Ct. June 28, 1991)